Bagby, Governor, v. Reeves et al.

BUFORD, for plaintiff in error.
JACKSON, contra.

---

BAGBY, GOVERNOR, &c. vs. REEVES, ET AL.

1. When an execution is levied upon the lands of the defendant, and before the sale another execution issued on an older judgment comes to the hands of the sheriff, the plaintiff in the senior judgment is entitled to the proceeds of sale.

ERROR to the Circuit Court of Pike.
Tried before the Hon. John D. Phelan.

The Branch of the Bank of the State of Alabama at Montgomery, recovered a judgment against Lucien Reeves on the 27th November, 1841, for $430 $\frac{50}{100}$, on which execution regularly issued. Four other executions were subsequently issued at irregular periods on the same judgment, the last of which was issued on the 27th November, 1850.

A. P. Bagby, Governor, &c., for the use of Pike County, obtained a judgment against Reeves on the 18th September, 1843, for $448 $\frac{44}{100}$. Execution was regularly issued on this judgment, an *alias* and a *pluries*, the latter of which, issued on the 7th November, 1850, was levied on the lands of the defendant. The land was sold by the sheriff, who at the time of the sale also had in his hands the execution in favor of the Branch Bank at Montgomery. Both parties claimed the money, and the sheriff brought it into court, and asked directions for its appropriation.

The court directed him to pay it to the execution in favor of the Branch Bank, and this is now assigned for error.

MARTIN & BALDWIN, for plaintiff in error.

LIGON, J.—There can be no doubt that the money arising from the sale of the lands levied on by the sheriff, was rightly appropriated by the judgment and direction of the court below. The judgment of the Branch Bank was nearly two years prior in point of time to that in favor of the plaintiff in error. It created the first lien, and was consequently entitled to priority of satisfaction. Campbell v. Spence, 4 Ala. 543; Quinn v. Wiswall, 7 ib. 645.

Let the judgment be affirmed.